UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 07-4116(DSD/JJG)

Diane Wattenhofer,

       Plaintiff,

v.                                 **ORDER**

Target Corporation and
Principal Financial Group,

       Defendants.

    Robert J. Leighton, Jr., Esq. and Nolan, MacGregor, Thompson & Leighton, 380 St. Peter Street, Suite 710, St. Paul, MN 55102, counsel for plaintiff.

    Deborah A. Ellingboe, Esq., Megan S. Clinefelter, Esq. and Faegre & Benson, Suite 2200, 90 South Seventh Street, Minneapolis, MN 55402, counsel for defendants.

This matter is before the court on the parties' cross-motions for summary judgment. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court grants plaintiff's motion in part.

**BACKGROUND**

This disability benefits dispute arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. In January 1996, plaintiff Diane Wattenhofer ("Wattenhofer") began working as a pharmacist for defendant Target Corporation ("Target"). Target is the administrator of a long-term

disability plan ("Plan") governed by ERISA.  Principal Financial Group ("Principal") manages Target's health insurance policy and is responsible for the initial investigation and payment of Target employees' health insurance claims, as well as the review of first-level appeals from Principal's decisions.  Target considers second-level appeals.

In August 2001, Wattenhofer developed swelling in her right arm and in October 2001, doctors discovered a clot in her right sub-clavian vein.  Wattenhofer was later diagnosed with thoracic outlet syndrome.  In November 2001, Wattenhofer also began to experience dizziness and nausea.  Due to these conditions, Wattenhofer stopped working at Target on December 11, 2001.

Between April 2002 and December 2004, Wattenhofer underwent three surgeries to relieve the conditions of thoracic outlet syndrome.  None of the surgeries proved successful.  Wattenhofer also sought medical attention for her continued episodes of dizziness and was diagnosed with vestibular Meniere's disease on May 12, 2003.  Target granted Wattenhofer long-term disability ("LTD") benefits on May 10, 2002.  The Social Security Administration awarded Wattenhofer Social Security Disability Income benefits on December 27, 2005, retroactive to December 11, 2001.

Target discontinued Wattenhofer's LTD benefits on February 9, 2006.  On December 13, 2006, Principal affirmed Target's decision,

finding that Wattenhofer was not "disabled" under the Plan. On June 8, 2007, Wattenhofer filed a second-level appeal with Target. In response, Target hired an unidentified physician to review Wattenhofer's file and make a report. On July 25, 2007, Target informed Wattenhofer by letter that it had denied her claim for disability benefits. At that time, Target also provided a copy of the physician's July 18, 2007, report.

Wattenhofer brought this ERISA action against Target and Principal on September 26, 2007, challenging the denial of her LTD benefits. Before the court are the parties' cross-motions for summary judgment.

**DISCUSSION**

**I.   Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A dispute is genuine if the

evidence is such that it could cause a reasonable jury to return a verdict for either party. See id. at 252.

On a motion for summary judgment, all evidence and inferences are to be viewed in a light most favorable to the nonmoving party. See id. at 255. The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. See Celotex, 477 U.S. at 324. Moreover, if a plaintiff cannot support each essential element of his claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. Id. at 322-23.

**II. Full and Fair Review**

Wattenhofer argues that Target[1] denied her a full and fair review because she had no opportunity to respond to Target's reviewing physician's report before Target decided her second-level appeal. ERISA requires that plan procedures "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review ... of the decision denying the claim." 29 U.S.C. § 1133(2). A full and fair review requires "'knowing what evidence the decision-maker relied upon, having an

---

[1] The parties agree that Principal should be dismissed because it is not an ERISA fiduciary. (Def.'s Br. [Doc. No. 14] at 15-16; Pl.'s Resp. [Doc. No. 26] at 2). Therefore, the court dismisses Principal from this action.

opportunity to address the accuracy and reliability of that evidence, and having the decision-maker consider the evidence presented by both parties prior to reaching and rendering his decision.'"  Abram v. Cargill, 395 F.3d 882, 886 (8th Cir. 2005) (quoting Grossmuller v. Int'l Union, UAW, 715 F.2d 853, 858 n.5 (3d Cir. 1983)).  To satisfy these requirements, a plan administrator that solicits a medical opinion must provide the claimant an opportunity to respond to the opinion before reaching a final decision.  Id. at 886.[2]

In this case, the physician Target hired to review Wattenhofer's appeal issued a report on July 18, 2007, stating that Wattenhofer "could perform the work required of a pharmacist with some limitations."  (AR at 14.)  Target adopted the physician's conclusion in the July 25, 2007, letter, noting that "this decision

---

[2] The court in Abram relied on a pre-2000 version of 29 C.F.R. 2560.503-1(h), which provided that "full and fair review includes the right to review all documents, records, and other information relevant to the claimant's claim for benefits and the right to an appeal that takes into account all comments, documents, records, and other information submitted by the claimant relating to the claim."  See Abram, 395 F.3d at 886.  The Department of Labor amended this regulation in 2000, stating that a plan does not provide a claimant a reasonable opportunity for full and fair review unless it "provide[s] ... claimant ... , upon request and free of charge, reasonable access to, and copies of, all documents, records and other information relevant to the claimant's claim for benefits."  29 C.F.R. § 2560.503-1(h)(2)(iii)(2000).  Despite this change, the court determines that Abram remains binding Eighth Circuit precedent.  See Lammers v. Am. Express Long Term Disability Benefit Plan, No. 06-CV-1099, 2007 WL 2247594, at *2 (D. Minn. Aug. 2, 2007); Walters v. Prudential Ins. Co. of Am., No. 06-CV-20, 2007 WL 4531311 (N.D. Iowa Dec. 18, 2007); Rouse v. UNUM Life Ins. Co., No. 04-1090, 2005 WL 2000181 (D. Minn. Aug. 18, 2005).

on review is the Plan's final decision." Id. Wattenhofer, however, was not provided an opportunity to respond to the reviewing physician's opinions. Therefore, the court determines that Wattenhofer was denied a full and fair review and remands the case to Target. Upon remand, Target shall reopen the administrative record to permit Wattenhofer to file a timely response to the reviewing physician's July 18, 2007, report. In her response, Wattenhofer may not submit new medical evidence. See Lammers, 2007 WL 2247594, at *2 ("A claimant cannot unduly delay the decision-making process by continuously submitting new medical evidence after the appeal period has closed."). Target shall reconsider Wattenhofer's eligibility for LTD benefits in light of her response.

## CONCLUSION

Accordingly, based upon the file, record and proceedings herein, and for the reasons stated, **IT IS HEREBY ORDERED** that:

1. Defendant Principal is dismissed;

2. Wattenhofer's motion for summary judgment [Doc. No. 19] is granted in part, and the case is remanded to Target with instructions to reopen the administrative record to permit Wattenhofer to respond to the reviewing physician's July 18, 2007, report;

     3.    Wattenhofer's motion for summary judgment [Doc. No. 19] is denied without prejudice in all other respects;

     4.    Target's motion for summary judgment [Doc. No. 12] is denied without prejudice; and

     5.    The case is stayed pending the proceedings on remand.

Dated:  October 10, 2008

<u>s/David S. Doty</u>
David S. Doty, Judge
United States District Court